**CASAS RILEY & SIMONIAN, LLP**
Valerie S. Higgins (Bar No. 238323)
vhiggins@legalteam.com
One First Street, Suite 2
Los Altos, CA 94022
Telephone:   (650) 948-7200
Facsimile:   (650) 948-7220

**THE MAJORIE LAW FIRM LP**
Douglas C. Prince (Tx. Bar No. 24026653)
dcprince@themajoriefirm.com
3514 Cedar Springs Road
Dallas, Texas 75219
Telephone:   (214) 522-7400
Facsimile:   (214) 522-7911
**Attorneys for Plaintiffs, RVC Corporation and Legato Development, LLC**

**SHARTSIS FRIESE LLP**
Arthur J. Shartsis (Bar No. 51549)
Tracy Salisbury (Bar No. 106837)
ashartsis@sflaw.com
tsalisbury@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone:   (415) 421-6500
Facsimile:   (415) 421-2922
**Attorneys for Defendants, Anhelo, LLC and Cerralvo, LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RVC CORPORATION**, a Colorado Corporation and **LEGATO DEVELOPMENT, L.L.C.**, a Delaware Limited Liability Company. | CASE NO.   CV 08 0975 EMC |
| Plaintiffs, | |
| v. | Trial Date:   Not Yet Set |
| **ANHELO, L.L.C.**, a Delaware Limited Liability Company and **CERRALVO. L.L.C.**, a Delaware Limited Liability Company and **CERRALVO DESARROADOR, S. de R.L. de C.V.**, a Mexican Limited Liability Company, | Complaint Filed:   February 15, 2008 |
| Defendants. | |

1  Pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 16-9, Plaintiffs, RVC Corporation and
2  Legato Development L.L.C. ("Plaintiffs") and Defendants, Anhelo, L.L.C. and Cerralvo L.L.C.
3  ("Defendants") (Plaintiffs and Defendants collectively referred to as "The Parties") , hereby submit
4  the following as the Joint Case Management Statement in accordance with this Court's Order of
5  February 15, 2008 (T.d. 5).

## I. JURISDICTION AND SERVICE

This Court has diversity jurisdiction over the claims of Plaintiff's Complaint and Defendants' Counterclaim pursuant to 28 U.S.C. § 1332(a) (1) because The Parties to this matter are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiffs are citizens of the State of Colorado and Defendants are Delaware limited liability companies whose members are citizens of the State of California. Defendants do not contest personal jurisdiction.

In accordance with the Rule 4(d) of the Fed. R. Civ. P. and Civil L.R. 4-2, by certified letter dated February 19, 2008, addressed to Defendants, Plaintiffs' counsel forwarded to each Defendant separately the Notice of Suit and Request for Waiver, as well as all other required documents. Plaintiffs' counsel received from the United States Postal Service a return receipt indicating that each of the Defendants received the Notice of Suit on March 3, 2008. Defendants have not executed and returned the Waiver of Service forwarded by Plaintiffs' counsel nor have Defendants been served with summons. Defendants have voluntarily appeared and filed an Answer and Counterclaim.

In accordance with the Rule 4(d) of the Fed. R. Civ. P. and Civil L.R. 4-2, by certified letter dated February 19, 2008, addressed to Defendants, Plaintiffs' counsel forwarded to Defendant Cerralvo Desarrollador, S. de R.L. de C.V. ("Cerralvo Mexico") the Notice of Suit and Request for Waiver, as well as all other required documents. Plaintiffs' counsel represents that they have received from the United States Postal Service a return receipt indicating that Cerralvo Mexico received the Notice of Suit on February 27, 2008. Cerralvo Mexico has not executed and returned the Waiver of Service forwarded by Plaintiffs' counsel and has not voluntarily appeared and filed an Answer. Plaintiff would request to and including June 16, 2008, within which to obtain summons

1   and serve Cerralvo Mexico.

2   II.     **FACTS**

3       A.     **Plaintiffs' Statement of Facts**

4   Plaintiffs' claims arise from an agreement dated September 23, 2005 ("Cerralvo Purchase Agreement"), wherein, Defendants, as owners of Cerralvo Mexico agreed to: (a) accept assignment from Plaintiffs as purchasers of acquiring ownership of certain real estate consisting of 1,950 acres, more or less, located in the Municipality of La Paz, State of Baja California, Mexico ( "Rancho Vista Cerralvo"); (b) fund the purchase of Rancho Vista Cerralvo; (c) fund certain acquisition and holding costs associated with Plaintiffs' securing the right to purchase Rancho Vista Cerralvo; and (d) provide Plaintiffs with an option to repurchase all ownership interests in Cerralvo Mexico, thereby giving Plaintiffs full ownership and control of Rancho Vista Cerralvo ("Repurchase Option").

In accordance with the terms of the Cerralvo Purchase Agreement, Plaintiffs' exercised their option to repurchase ownership interest in Cerralvo Mexico.  Prior to closing of the Repurchase Option, Defendants among other matters refused to identify for Plaintiffs the: description of the subdivision of Rancho Vista Cerralvo that would accomplish the carve out a parcel ("Anhelo Lot") that was to transferred by Cerralvo Mexico to Defendants; approve the actual subdivision of the Anhelo Lot; provide written authorization from Cerralvo Desarrollador, through Anhelo, to permit Defendants to submit the subdivision of Rancho Vista Cerralvo to the appropriate governmental agency, thereby creating the Anhelo Lot; create an entity owned and controlled by Defendants to which Cerralvo Mexico could then pass title to the Anhelo Lot; provide contact information of Defendants' legal counsel which would prepare the documents necessary to effect transfer of ownership interest in Cerralvo Mexico from Defendants to Plaintiffs; provide copies of all relevant tax returns and other relevant documents filed by or on behalf of Cerralvo Mexico; and prepare and file a third party Memorandum of Option Notification.   Plaintiffs assert that without pre-closing identification of the above matters, an actual closing of the Repurchase Option could not take place.

    B.     **Defendants' Statement of Facts**

Cerralvo Mexico is a Mexican limited liability company, which owns approximately 2,000

1  acres of land in Mexico known as "Rancho Vista Cerralvo." As noted above, Plaintiffs and
2  Defendants entered into a Purchase Agreement dated September 23, 2005, under which Defendants
3  agreed to fund the purchase of Rancho Vista Cerralvo. The Purchase Agreement included an
4  Option, granted to Plaintiff Legato, to purchase all ownership interests in Cerralvo Mexico on the
5  terms and conditions set forth therein. By letter dated September 21, 2006, Legato informed
6  defendant Anhelo that it was exercising the Option. Under the terms of the Option, the closing of
7  the purchase by Anhelo (the "Closing") had to occur within sixty days of the Option Exercise Date,
8  as determined in accordance with the Purchase Agreement.

9  Contrary to the terms of the Purchase Agreement, Legato sent Defendants a communication
10 dated November 11, 2006, in which it demanded that they perform various tasks or provide
11 information prior to Closing that was not required by the Agreement before Closing. Defendants
12 responded by letter with assurances of their intention to comply with their obligations at Closing
13 and requested the time and place of Closing. Plaintiffs never provided a time or place of Closing.
14 Plaintiffs did not even respond to Defendants' letter until November 22, 2006, by which time the
15 contractual Closing deadline under the Option had passed. Defendants therefore were prevented
16 from a timely closing under the Option because of Plaintiffs' failure to notify them of a time and
17 place of closing and Plaintiffs' wrongful imposition of conditions on Closing that were contrary to
18 the terms of the Purchase Agreement and Option, among other things. Defendants believe that
19 Plaintiffs were not ready, willing and able to close in the time required by the Option because they
20 did not have funds committed necessary to close by the contractual deadline. Defendants contend
21 that, contrary to Plaintiffs' allegations, the Closing could have timely occurred without the "pre-
22 closing identification" wrongfully demanded by Plaintiffs. The Closing could not occur, however,
23 without Plaintiffs naming the time and place of closing, which they refused to do. Defendants never
24 made any demands upon Plaintiffs or imposed conditions contrary to the terms of the Purchase
25 Agreement and Option.

26 **III.    LEGAL ISSUES**
27     The Cerralvo Purchase Agreement has a Colorado choice of law provision.
28     Plaintiffs' assert claims for breach of contract, breach of duty of good faith and fair dealing

and declaratory judgment, seeking specific performance and monetary damages, or in the event specific performance is not available, then an award of specific performance, and a declaration of rights that Defendants are required to disclose certain information regarding the creation and transfer of the Anhelo Lot prior to closing of the Repurchase Option. Legal issues relevant to Plaintiffs' claims include the contractual construction and interpretation of the Cerralvo Purchase Agreement and the Repurchase Option; the application of the implied duty of good faith and fair dealing upon the obligations of Defendants at closing to, among other matters, the Defendants' failure to initiate pre-closing those conditions precedent to effect at Closing the subdivision and transfer of the Anhelo Lot. Plaintiffs' claims will require presentment and interpretation of the laws, customs and practice of Mexico, State of La Paz, with respect to subdivision and transfer of real property.

Defendants seek a judgment in their favor on Plaintiffs' complaint and, in their Counterclaim, seek a declaration that Plaintiffs materially breached the Purchase Agreement and Option, that the Option expired and that Plaintiffs have no rights thereunder and no interest of any kind in Cerralvo Mexico or Rancho Vista Cerralvo. Legal issues relevant to Defendants' claims and defenses include the contractual construction and interpretation of the Purchase Agreement and the Option contained therein; the standard for enforcing the Option according to its terms, including the last date for the Closing; the effect of Plaintiffs' failure to set a time and place of Closing within the sixty day option period; and the effect of Plaintiffs' inability to Close within sixty days after the Option Exercise Date on liability and damages.

### IV. MOTIONS

The Parties do not have any motions that are presently pending before the Court. Defendants anticipate filing a Fed. R. Civ. P. 56(b) motion for summary judgment. The parties submit that all dispositive motions for summary judgment and/or motions to dismiss shall be filed with the Court in accordance with the times mandated by Civil L. R. 7.

### V. AMENDMENT OF PLEADINGS

Presently the parties do not anticipate amendments to pleadings. The Parties shall have to and including June 16, 2008, to amend their respective pleadings.

1  VI.    **EVIDENCE PRESERVATION**

2        Counsel for The Parties have separately notified their respective clients and witnesses
3  regarding the need to preserve evidence and to suspend any document destruction program and any
4  ongoing erasure of e-mails, voice mails and other electronically recorded material.

5  VII.    **DISCLOSURES**

6        The Parties shall make their respective Fed. R. Civ. P. 26(c) Disclosures on May 14, 2008.

7  VIII.    **DISCOVERY**

8        The Parties do not propose any limitations upon discovery other than those imposed by the
9  Federal Rules of Civil Procedure and Local Rules of the United States District Court for the
10 Northern District of California.

11 IX.    **CLASS ACTIONS**

12       Not Applicable.

13 X.    **RELATED CASES**

14       There are no related cases or proceedings pending before another judge of this Court, or
15 before another court or administrative body.

16 XI.    **RELIEF**

17       Plaintiffs seek an order of specific performance, requiring Defendants to perform the
18 transfer of Cerrvalvo Mexico to Plaintiffs in accordance with the terms and conditions of the
19 Cerralvo Purchase Agreement, together with monetary damages sustained as a result of Defendants'
20 refusal to perform in accordance with the express and implied terms of the Cerralvo Purchase
21 Agreement, together with fees and costs.  In the alternative to specific performance, Plaintiffs seek
22 an award monetary damages from Defendants in an amount equal to the value of Rancho Vista
23 Cerralvo, together with fees and costs.

24       Defendants seek the declaration of the parties' respective rights, duties and obligations under
25 the Purchase Agreement and Option; specifically, that the Option has terminated and that Plaintiffs
26 have no rights under the Option, no right, title or interest of any kind, equitable or legal, in Cerralvo
27 Mexico and Rancho Vista Cerralvo, and no entitlement to specific performance of the Option or any
28 other relief of any kind under the Purchase Agreement and Option, together with fees and costs.

**XII.    SETTLEMENT AND ADR**

A party affiliated with Plaintiffs and the Defendants are engaged in discussions on a development partnership for Rancho Vista Cerralvo. The Parties stipulated to and have been ordered to submit the case to Early Neutral Evaluation on or before November 1, 2008.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have consented to refer all further proceedings to the Magistrate Judge for all matters, including trial and entry of judgment.

**XIV.    OTHER REFERENCES**

Presently, The Parties do not believe the matter is suitable for reference to binding arbitration, a special master, or any other special proceeding.

**XV.     NARROWING OF ISSUES**

The Parties have no suggestions for narrowing of issues at this time.

**XVI.    EXPEDITED SCHEDULE**

The Parties do not designate this case as one that can be handled on an expedited basis with streamlined procedures.

**XVII.   SCHEDULING**

The Parties submit the following dates for:

    **A.    Designation of Experts**

In accordance with Fed. R. Civ. Proc. 26(a)(2), the Parties shall make their initial disclosure of experts under Rule 26(a)(2)(B) on or before November 3, 2008, and any disclosures under Rule 26(a)(2)(c)(ii) on or before December 3, 2008.

    **B.    Discovery cutoff**

All non-expert discovery shall be completed on or before November 3, 2008 and all expert discovery completed on or before December 17, 2008.

    **C.    Hearing of Dispositive Motions**

Subject to the availability of the Court, the parties submit that the hearing on any dispositive motion take place on or before February 16, 2009.

CASE NO.                JOINT CASE MANAGEMENT STATEMENT
CV 08 00975 EMC

PRINTED ON RECYCLED PAPER

    **D.**    **Pretrial Conference**

Subject to the availability of the Court, the parties submit that a final pre-trial conference take place March 2, 2009.

    **E.**    **Trial**

Subject to the availability of the Court, The Parties submit that the matter proceed to trial on March 16, 2009.

**XVIII. TRIAL**

The Parties submit that they anticipate that a trial of this matter to a jury will take 7 days.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have each filed with the Court a disclosure of non-party interest entities and persons. Plaintiffs are solely owned by Danny Mostajo, an individual resident of the State of Colorado.

Defendants are solely owned by JoMei Chang and Dale Skeen, individuals who are each residents of the State of California.

**XX.  OTHER MATTERS**

The Parties have no further suggestions at this time that would facilitate a just, speedy and inexpensive disposition of this matter.

DATED:  May 14, 2008

                                       **CASAS RILEY & SIMONIAN, LLP**

                                       By:  /s/ Valerie S. Higgins
                                              VALERIE S. HIGGINS (Bar No. 238323)
                                              One First Street, Suite 2
                                              Los Altos, CA 94022
                                              vhiggins@legalteam.com
                                       **Attorneys for Plaintiffs RVC CORPORATION and LEGATO DEVELOPMENT, L.L.C.**

**THE MAJORIE LAW FIRM LP**

By:   \_\_\_/s/ Douglas C. Prince_____
      DOUGLAS C. PRINCE (Tx. Bar No. 24026653)
      3514 Cedar Springs Road
      Dallas, Texas 75219
      Telephone:   (214) 522-7400
      Facsimile:   (214) 522-7911
      dcprince@themajoriefirm.com

**Attorneys for Plaintiffs, RVC Corporation and Legato Development, LLC**

**SHARTSIS FRIESE LLP**

By:   \_\_\_/s/\_ Tracy Salisbury_____
      TRACY SALISBURY (Bar No. 106837)
      One Maritime Plaza, 18th Floor
      San Francisco, CA 94111
      Telephone:   (415) 421-6500
      Facsimile:   (415) 421-2922
      tsalisbury@sflaw.com

**Attorneys for Defendants, Anhelo, LLC and Cerralvo, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2008, a copy of the foregoing Joint Case Management Statement was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

      /s/ Tracy Salisbury
      TRACY SALISBURY
      California Bar No. 106837
      tsalisbury@sflaw.com
      One Maritime Plaza, Eighteenth Floor
      San Francisco, CA  94111
      (415) 421-6500 (Telephone)
      (415) 421-2922 (Fax)

7647\001\TSALISBURY\1510396.3