**United States District Court**
For the Northern District of California

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   NORTHERN DISTRICT OF CALIFORNIA
8
9  RVC Corporation, et al.,                    No. CV08-00975 EMC
10                 Plaintiffs,                 **CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL**
11         v.
12  Anhelo LLC, et al.,
13                 Defendants.
14  _____/
15
16
17         Following the Case Management Conference held on **5/21/2008,** IT IS HEREBY ORDERED
18  THAT:
19         A further case management conference is set for **10/29/2008 at 2:30 p.m**. before Magistrate
20  Judge Chen in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San
21  Francisco, California.  Updated joint case management conference statement is due **10/22/2008.**
22  Plaintiff shall serve Defendant Cerralvo DeSarroador no later than **06/15/2008.**
23         Pursuant to Fed.R.Civ.P. 16, IT IS FURTHER ORDERED THAT the following case
24  management and pretrial order is entered:
25  1.     TRIAL DATE
26         a.     Jury trial will begin on **5/18/2009 at 8:30 a.m.** in **Courtroom D**, 15th Floor, 450
27  Golden Gate, San Francisco, CA 94102.
28

CASE MANAGEMENT & PRETRIAL ORDER FOR JURY TRIAL

1       b.     The length of the trial will be not more than **seven (7) days**. Court hours for trial are 8:30 a.m. to 1:30 p.m. Wednesdays are reserved for law and motion and other matters.

2. DISCOVERY

    a.     All non-expert discovery shall be completed by **12/29/2008.**

    b.     Depositions:

    c.     Prior to completion of ENE, each side shall be limited to four (4) depositions, absent stipulation or further order providing otherwise. The parties may propound reasonable, narrowly requests for documents and interrogatories needed to prepare for ADR. Further discovery shall be discussed at the status conference following ENE.

    d.     Experts shall be disclosed and reports provided by plaintiff and defendant by **12/29/2008.**

    e.     Rebuttal experts shall be disclosed and reports provided by **1/12/2009.**

    f.     All discovery from experts shall be completed by **1/26/2009.**

    g.     Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

3. MOTIONS

The last day for **hearing** dispositive motions shall be **2/25/2009.** Dispositive motions shall be served and filed no later than thirty-five (35) days prior to the scheduled hearing date. Any opposition shall be served and filed no later than twenty-one (21) days prior to the hearing date. Any reply to the opposition shall be served and filed no later than fourteen (14) days prior to the date of the hearing.

4. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

This case is referred to the Alternative Dispute Resolution program for ENE. ADR is to be completed **prior** to the next status conference on **10/29/08.**.

5. PRETRIAL CONFERENCE

    a.     A pretrial conference shall be held on **5/6/2009 at 3:00 p.m.** in Courtroom C, 15th Floor. Lead counsel who will try the case (or the party if *pro se*) must attend. The timing of

disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

      b.    **4/7/2009**, thirty (30) days prior to the date of the pretrial conference, lead counsel shall meet and confer regarding:

            (1)    Preparation and content of the joint pretrial conference statement;

            (2)    Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

            (3)    Settlement of the action.

      c.    **4/17/2009**, twenty (20) days prior to the pretrial conference, counsel and/or parties shall:

            (1)    Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

                  (a)    *The Action.*

                        (i)    <u>Substance of the Action.</u>  A brief description of the substance of claims and defenses which remain to be decided.

                        (ii)    <u>Relief Prayed.</u>  A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

                  (b)    *The Factual Basis of the Action.*

                        (i)    <u>Undisputed Facts.</u>  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

                        (ii)    <u>Disputed Factual Issues.</u>  A plain and concise statement of all disputed factual issues which remain to be decided.

      (iii) <u>Agreed Statement.</u>  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

      (iv) <u>Stipulations.</u>  A statement of stipulations requested or proposed for pretrial or trial purposes.

(c) *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions.

(d) *Trial Preparation.*

      (i) <u>Witnesses to Be Called.</u>  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

      (ii) <u>Estimate of Trial Time.</u>  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

      (iii) <u>Use of Discovery Responses.</u>  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

(e) *Trial Alternatives and Options.*

      (i) <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (ii) <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

  (f) *Miscellaneous.*

   Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony or any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions jointly.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the mane of the sponsoring witness;

(5) Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use umbers; defendant shall use letters) and <u>tabbed</u>; and

(6) Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not to be filed).

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of the Court and for good cause.

  d. **4/27/2009,** ten (10) days  prior to the pretrial conference, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire

CASE MANAGEMENT & PRETRIAL ORDER FOR JURY TRIAL

5

questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion in limine. No replies shall be filed.

  e. All motions in limine and objections shall be heard at the pretrial conference.

6. JURY TRIAL

  a. The attached voir dire questionnaire (or similar) shall be given or presented to the venire members to be answered orally in Court. Counsel shall submit an agreed upon set of additional voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

  b. The following jury instructions from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1997 Edition) shall be given absent objection: 1.01 - 1.12, 2.01 - 2.02, 3.01 - 3.03, 3.05 - 3.08. Counsel shall submit jointly an agreed upon set of case specific instructions, using the Ninth Circuit Manual where appropriate. Do not submit duplicates of those listed above. Any instructions on which counsel cannot agree may be submitted separately. Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based and a reference to the party submitting it. A second blind copy of each instruction and verdict form shall also be submitted omitting the citation to authority and the reference to the submitting party.

7. All documents filed with the Clerk of the Court shall list the civil case number followed by the initials "EMC". One copy shall be clearly marked as a chambers copy. Chambers' copies shall be three-hole punched at the left side, suitable for insertion into standard binders. In additions, all proposed jury instructions, motions in limine, forms of verdict and trial briefs shall be accompanied by diskette containing a copy of the document formatted in WordPerfect 6.1 (Windows) or 8.0 (Windows).

Dated: May 22, 2008

                _____
                EDWARD M. CHEN
                United States Magistrate Judge

CASE MANAGEMENT & PRETRIAL ORDER FOR JURY TRIAL

**JUROR QUESTIONNAIRE**

Please stand and recite the information listed below.

1. Name
2. City of Residence
3. Occupational Status
4. Organizations
5. Hobbies
6. Marital Status
7. Spouse's Occupation
8. Children, Ages
9. If Juror on Another Case
10. If Ever a Grand Juror
11. If Ever in Military